IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
C.A. No. 07-075

| | |
|---|---|
| THE SPECTRUM CAPITAL GROUP, LLC<br><br>Plaintiff,<br><br>v.<br><br>LUCOR, INC.<br><br>Defendant. | **DEFENDANT LUCOR, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT LUCOR, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER** |

Defendant Lucor, Inc. ("Lucor"), by and through its undersigned counsel, respectfully submits this Supplemental Memorandum in Support of its Motion to Dismiss or, in the Alternative, to Transfer, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) and Local Civil Rule 7.

**NATURE OF THE MATTER BEFORE THE COURT**

On April 9, 2007, Lucor filed its Motion to Dismiss or, in the Alternative, to Transfer, on grounds that the court lacked personal jurisdiction over it and that Rhode Island was not the proper venue for this action. In support of that motion, Lucor submitted affidavits from Michael D. Davis and Stephen P. Conway regarding the formation and execution of the contract which forms the basis for the lawsuit, and a Memorandum in Support of Defendant's Motion to Dismiss or, in the Alternative, to Transfer.

On or about April 24, 2007, counsel for Lucor received a letter from Heather A. Pierce, counsel for plaintiff The Spectrum Capital Group, LLC ("Spectrum"), which attached certain email communications between Mr. Steven Lederman of Spectrum and Mr. Conway of Lucor. In particular, the letter attached two emails by Mr. Lederman to Mr. Conway dated August 4 and August 5, 2004. The letter and emails are attached as Exhibit A to the Supplemental Affidavit of

Stephen P. Conway filed in support of this Supplemental Memorandum in Support of Defendant Lucor, Inc.'s Motion to Dismiss or, in the Alternative, to Transfer. Defendant Lucor also submits the Supplemental Affidavit of Michael D. Davis in support of this Memorandum.

The initial Affidavits of Stephen P. Conway and Michael D. Davis state that the Agreement between Spectrum and Lucor was signed in Lucor's Raleigh, North Carolina office "***on or about August 1 1004***." (Conway Aff. P. 8, Davis Aff. P. 10).

Ms. Pierce's letter acknowledges that Mr. Lederman traveled to Raleigh, North Carolina in early August 2004, but asserts that the Raleigh meeting occurred on August 3, 2004. An August 4, 2004 email from Mr. Lederman (listing a New Mexico address) to Mr. Conway refers to the meeting the prior day and purports to attach a final document incorporating the changes agreed to in that meeting. It also requests Mr. Conway to execute two originals to be returned by Federal Express. *See* Exhibit A to Conway Supplemental Affidavit.

The effective date of the Agreement is August 1, 2004. The Agreement states that it was "accepted and agreed to" as of August 1, 2004. As the Supplemental Affidavit of Mr. Conway states, Mr. Conway's recollection is that the engagement letter presented by Mr. Lederman was reviewed in detail and revised in writing at the face-to-face meeting in Raleigh, North Carolina. Regardless of whether that meeting occurred on August 1 or August 3 as Mr. Lederman may contend, it occurred "on or about August 1, 2004."

In his Supplemental Affidavit, Mr. Conway also states that, although he recalls executing the Agreement in the Raleigh office at the time of the meeting, even if the final written Agreement embodying the agreed-upon changes and signature pages were transmitted in final form on the following day, nonetheless, a meeting of the minds occurred in the Raleigh meeting. In the Supplemental Affidavit of Michael D. Davis, Mr. Davis recalls that Mr. Lederman

traveled to Raleigh for the meeting, but defers to Mr. Conway's recollections about the meeting itself.

Significantly, the August 4, 2004 email from Mr. Lederman, purporting to transmit the final agreement, lists the address of Spectrum as Albuquerque, New Mexico. The August 5, 2004 email correspondence indicates that a word or two may have been changed, and initialed in the Agreement as late as August 5, 2004. In any event, it appears that no material changes were made from the Raleigh meeting in which the parties reviewed and reached an understanding on the necessary changes to the proposed Agreement.

## I. REGARDLESS OF WHERE SPECTRUM SIGNED THE FINAL VERSION OF THE AGREEMENT, LUCOR'S CONTACTS WITH RHODE ISLAND ARE INSUFFICIENT TO ESTABLISH PERSONAL JURISDICTION.

The initial and Supplemental Affidavits of Stephen P. Conway and Michael D. Davis make clear that the parties agreed on the terms of the Agreement in a face-to-face meeting in Raleigh, North Carolina at some time between August 1 and August 5, 2004. Similarly, there is no question that Mr. Lederman traveled to North Carolina to meet with Lucor there and negotiate the terms of the Agreement. His email of August 4, 2004 would suggest that he incorporated the changes agreed upon during the North Carolina meeting into the body of the Agreement and forwarded the final version the next day. Significantly, his August 4, 2004 email uses a New Mexico and not a Rhode Island address for Spectrum.

In his Supplemental Affidavit, Mr. Conway recalls reviewing the Agreement, with Mr. Lederman making written revisions on the Agreement in the Raleigh office of Lucor. Although Mr. Conway's recollection is that Mr. Lederman also signed the Agreement that day, if instead Mr. Lederman memorialized the changes agreed to in Raleigh, and then on August 4 transmitted the revised documents for final signature, the result does not change.

The "formalities of contract execution are not determinative for purposes of jurisdiction." *Lakeside Bridge & Steel Co. v. Mountain State Const. Co., Inc.*, 597 F.2d 596, 604 (5th Cir. 1979). In that case, Lakeside Bridge sued a West Virginia company in Wisconsin to recover for goods manufactured and shipped from Wisconsin. The court upheld a dismissal for lack of personal jurisdiction despite the defendant's communications to the Wisconsin plaintiff by telephone and mail. The court said, "Use of the interstate telephone and mail service to communicate with a Wisconsin plaintiff, if constituting contacts supporting jurisdiction, would give jurisdiction to any state into which communications were directed."

Similarly, in *Bond Leather Co, Inc. v. Q.T. Shoe Mfg. Co., Inc.*, 764 F.2d 928, 932, 934(1st Cir. 1985) the court found that absent intent by an out-of-state defendant to "exploit the local economy," its mailing to Massachusetts four letters negotiating and finally executing the guarantee contract and its receipt of a telephone call from the plaintiff in Massachusetts was insufficient to confer personal jurisdiction in Massachusetts.

If the *Bond* defendant's mailing of four contract-related letters *to* the forum state cannot confer personal jurisdiction, then Lucor's receipt of a letter negotiated in North Carolina from a party whose address is listed as New Mexico most certainly cannot be considered to be intent on Lucor's part to "exploit the local economy" of Rhode Island.

In this case, it was the *plaintiff* whose unilateral actions caused communications to occur outside North Carolina. That unilateral action cannot alone sustain personal jurisdiction. *See Hanson v. Denckla,* 357 U.S. 235, 253 (1958) (stating that the unilateral activities of plaintiff claiming relationship with non-resident defendant cannot satisfy the requirement of contact with the forum state).

## CONCLUSION

The Agreement that forms the basis for this action was formed and performed in North Carolina, and despite the unilateral actions of Spectrum, Rhode Island may not properly exercise jurisdiction over Lucor. Regardless of the physical location of Mr. Lederman at the time of his execution of the Agreement, Lucor has not purposefully availed itself of the jurisdiction of Rhode Island and its motion to dismiss or to transfer should be allowed.

LUCOR, INC.

By its Attorneys,

/s/ Charles S. Beal

Charles S. Beal #5559
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
(401) 331-5700
(401) 331-5787 fax

OF COUNSEL:
Denise Smith Cline, N.C. State Bar No. 10837
S. Montaye Sigmon, N.C. State Bar No. 32827
SMITH MOORE LLP
2800 Two Hannover Square (Zip 27601)
Post Office Box 27525
Raleigh, North Carolina 27611
Telephone: (919) 755-8700
Facsimile: (919) 755-8800

## CERTIFICATION

The undersigned hereby certifies that on the 26th day of April, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Heather A. Pierce (#7445)
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903
401-274-9200
401-276-6611 (fax)

Steven M. Cowley
Edwards Angell Palmer & Dodge, LLP
111 Huntington Avenue
Boston, MA 02199-7613
617-239-0100
617-227-4420 (fax)

/s/ Charles S. Beal