IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
C.A. No. 07-075

THE SPECTRUM CAPITAL GROUP, LLC

Plaintiff,

v.

LUCOR, INC.

Defendant.

**ANSWER**

Defendant Lucor, Inc. ("Lucor"), by and through its undersigned counsel, responding to the allegations in the Complaint of plaintiff The Spectrum Capital Group, LLC ("Spectrum"), alleges and states as follows:

**NATURE OF THE ACTION**

1. It is admitted that the parties entered into a written Agreement. The document entitled "Agreement" speaks for itself and is the best evidence of its contents. Except as specifically admitted herein, the allegations contained in paragraph 1 of the Complaint are denied.

**PARTIES, JURISDICTION, AND VENUE**

2. Lucor lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, which are therefore denied.

3. Admitted.

4. It is admitted that Lucor is a Florida corporation with its principal place of business in North Carolina. The remaining allegations contained in paragraph 4 of the Complaint state conclusions of law and do not require a response. To the extent that a response

is deemed necessary, Lucor lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4, which are therefore denied.

5. The allegations contained in paragraph 5 of the Complaint state conclusions of law and do not require a response. To the extent that a response is deemed necessary, these allegations are denied.

## FACTUAL ALLEGATIONS

6. It is admitted that the parties' Agreement speaks for itself and is the best evidence of its contents. Except as specifically admitted herein, the allegations contained in paragraph 6 of the Complaint are denied.

7. It is admitted that the parties' Agreement speaks for itself and is the best evidence of its contents. Except as specifically admitted herein, the allegations contained in paragraph 7 of the Complaint are denied.

8. It is admitted that the parties' Agreement speaks for itself and is the best evidence of its contents. Except as specifically admitted herein, the allegations contained in paragraph 8 of the Complaint are denied.

9. It is admitted that Lucor made certain monthly payments to Spectrum. Except as expressly admitted herein, the allegations contained in paragraph 9 of the Complaint are denied.

10. It is admitted that Lucor renegotiated its indebtedness serviced by GMAC Commercial Mortgage in or about January 2007. It is further admitted that the parties' Agreement speaks for itself and is the best evidence of its contents. Except as expressly admitted herein, the allegations contained in paragraph 10 of the Complaint are denied.

11. It is admitted that Lucor received an invoice from Spectrum on or about December 15, 2006 requesting payment in the amount of $750,000.00. It is admitted that Lucor

received a second invoice from Spectrum on or about February 15, 2007 requesting payment in the amount of $495,000.00. It is further admitted that the parties' Agreement speaks for itself and is the best evidence of its contents. Except as specifically admitted herein, the allegations contained in paragraph 11 of the Complaint are denied.

12. It is admitted that Lucor received an invoice from Spectrum requesting payment of a "Reorganization Fee." It is further admitted that Lucor has made certain payments to Spectrum. Except as specifically admitted herein, the allegations contained in paragraph 12 of the Complaint are denied.

13. It is admitted that the parties' Agreement speaks for itself and is the best evidence of its contents. Except as specifically admitted herein, the allegations contained in paragraph 13 of the Complaint are denied.

**COUNT I**
**(Breach of Contract)**

14. Lucor incorporates by reference its responses to paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15. It is admitted that the parties' Agreement speaks for itself and is the best evidence of its contents. Except as specifically admitted herein, the allegations contained in paragraph 15 of the Complaint are denied.

16. Denied.

17. Denied.

**FIRST DEFENSE**

The Spectrum Capital Group, LLC failed to adhere to the particulars of the parties' Agreement as negotiated and/or failed to satisfy the duties or provide the services called for

under the Agreement as negotiated and, therefore, is not entitled to recover the amounts sought in this lawsuit.

## SECOND DEFENSE

The Spectrum Capital Group, LLC is not entitled to recover for its damages, if any, to the extent that it has failed to mitigate damages as required by law.

## THIRD DEFENSE

Upon information and belief, any recovery by plaintiff The Spectrum Capital Group, LLC is precluded by its precedent breach of the parties' Agreement.

## FOURTH DEFENSE

Upon information and belief, the parties' Agreement is invalid and unenforceable as a matter of law because, among other things, defendant Lucor, Inc. was mistaken as to the character of this Agreement and the services to be provided, due to the misrepresentations of Michael G. Lederman, acting as the agent of plaintiff The Spectrum Capital Group, LLC.

## FIFTH DEFENSE

Upon information and belief, The Spectrum Capital Group, LLC's claims are barred in whole or in part by the doctrines of waiver, estoppel, and laches.

## SIXTH DEFENSE

Defendant Lucor, Inc. reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, for the reasons set forth above, defendant Lucor, Inc. prays that:

1. Plaintiff have and recover nothing of defendant Lucor, Inc.;
2. Plaintiff's action be dismissed with prejudice;

3. Defendant Lucor, Inc. have and recover its costs and expenses, including reasonable attorneys' fees as permitted by R.I.G.L. §9-1-45 and other applicable law, arising out of the defense of this action;

4. That all costs of this action be taxed against Plaintiff; and

5. The Court award such other and further relief as it deems just and proper.

This the 18th day of June, 2007.

/s/ Charles S. Beal
Charles S. Beal (#5559)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Telephone: (401) 331-5700
Facsimile: (401) 331-5787

/s/ Denise Smith Cline
Denise Smith Cline, N.C. State Bar No. 10837
SMITH MOORE LLP
2800 Two Hannover Square (Zip 27601)
Post Office Box 27525
Raleigh, North Carolina 27611
Telephone: (919) 755-8700
Facsimile: (919) 755-8800

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of June 2007, a copy of the foregoing was filed through the ECF system, and was served on the following recipients, as indicated below, identified as the registered participants on the Notice of Electronic Filing (NEF):

VIA ECF TRANSMISSION

Heather A. Pierce, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

VIA FIRST-CLASS MAIL, POSTAGE PREPAID

Steven M. Cowley, Esq.
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199-7613

/s/ Charles S. Beal