UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE SPECTRUM CAPITAL GROUP, LLC<br><br>Plaintiff,<br><br>v.<br><br>LUCOR, INC.<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-075ML |

**PLAINTIFF AND DEFENDANT-IN-COUNTERCLAIM THE SPECTRUM CAPITAL GROUP, LLC'S ANSWER TO DEFENDANT LUCOR, INC.'S COUNTERCLAIM**

Plaintiff and Defendant-in-Counterclaim The Spectrum Capital Group, LLC ("Spectrum"), hereby answers the Counterclaim of Defendant and Plaintiff-in-Counterclaim Lucor, Inc. ("Lucor") as follows:

1. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaim.

2. Spectrum admits the allegations contained in Paragraph 2 of the Counterclaim.

3. Spectrum admits that Lucor sought to renegotiate its debt serviced by GMAC Commercial Mortgage ("GMAC"). Spectrum denies the remaining allegations contained in Paragraph 3 of the Counterclaim.

4. Spectrum admits the allegations contained in Paragraph 4 of the Counterclaim.

5. Spectrum admits only so much of the allegations contained in Paragraph 5 of the Counterclaim as allege that Lucor initially contacted Spectrum concerning retaining Spectrum to provide services to Lucor and that Michael Lederman responded. Spectrum denies the remaining allegations contained in Paragraph 5 of the Counterclaim.

6. Spectrum admits only so much of the allegations contained in the first sentence of Paragraph 6 of the Counterclaim as allege that Mr. Lederman referred to Spectrum's business contacts with GMAC employees and their legal counsel. Spectrum denies the remaining allegations contained in the first sentence of Paragraph 6 of the Counterclaim, including without limitation the allegation that Mr. Lederman represented to Lucor that he had personal contacts with GMAC employees and their legal counsel. Spectrum admits only so much of the allegations contained in the second and third sentences of Paragraph 6 of the Counterclaim as allege that Mr. Lederman informed Lucor that he had worked with James C. Rickard and Conrad Nelson of GMAC and with attorneys at McKenna Long & Aldridge LLP. Spectrum denies all remaining allegations contained in the second, third, fourth, fifth and sixth sentences of Paragraph 6 of the Counterclaim.

7. Spectrum admits only so much of the allegations contained in the first sentence of Paragraph 7 of the Counterclaim as allege that Mr. Lederman informed Lucor that Spectrum had experience in preparing financial restructuring models. Spectrum denies all remaining allegations contained in the first and second sentences of Paragraph 7 of the Counterclaim.

8. Spectrum admits the allegations contained in the first sentence of Paragraph 8 of the Counterclaim. Spectrum denies the allegations contained in the second sentence of Paragraph 8 of the Counterclaim.

9. Spectrum denies the allegations contained in Paragraph 9 of the Counterclaim.

10. Spectrum admits only so much of the allegations contained in the first sentence of Paragraph 10 of the Counterclaim as allege that during the August 3, 2004 meeting between Mr. Lederman and Stephen Conway, the parties discussed potential fees that Spectrum would charge for its services, including a reorganization fee. Spectrum denies the remaining allegations

contained in the first sentence, and denies all allegations contained in the second and fourth sentences of Paragraph 10 of the Counterclaim. Spectrum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 10 of the Counterclaim concerning what Mr. Conway believed after the parties' meeting, but Spectrum denies that any such purported belief could have been based on what Mr. Lederman said during the meeting.

11. Spectrum admits only so much of the allegations contained in Paragraph 11 of the Counterclaim as allege that Mr. Lederman prepared a written agreement and sent it to Lucor and that draft agreement called a certain fee a "Reorganization Fee." Spectrum denies the remaining allegations contained in Paragraph 11 of the Counterclaim.

12. Spectrum admits the allegations contained in the first sentence of Paragraph 12 of the Counterclaim. Spectrum denies the allegations contained in the second sentence of Paragraph 12 of the Counterclaim.

13. Spectrum admits only so much of the allegations contained in Paragraph 13 of the Counterclaim as allege that Lucor engaged Spectrum to provide financial services, including services relating to a potential restructuring of Lucor's debt with GMAC. Spectrum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Counterclaim as to why Lucor decided to engage Spectrum. Spectrum denies all remaining allegations contained in Paragraph 13 of the Counterclaim.

14. Spectrum admits only so much of the allegations contained in Paragraph 14 of the Counterclaim as allege that the parties entered into an agreement (the "Agreement"), executed by Mr. Conway and Mr. Lederman. Spectrum states that the terms of the Agreement speak for themselves and Spectrum admits only so much of Lucor's characterizations of those terms in

Paragraph 14 of the Counterclaim as accurately and completely summarize those terms; Spectrum denies all remaining characterizations of the terms of the Agreement contained in Paragraph 14 of the Counterclaim.

15. Spectrum states that the terms of the Agreement speak for themselves and Spectrum admits only so much of Lucor's characterizations of those terms in Paragraph 15 of the Counterclaim as accurately and completely summarize those terms; Spectrum denies all remaining characterizations of the terms of the Agreement contained in Paragraph 15 of the Counterclaim.

16. Spectrum denies the allegations contained in Paragraph 16 of the Counterclaim.

17. Spectrum admits only so much of the allegations contained in Paragraph 17 of the Counterclaim as allege that Spectrum reviewed and analyzed information provided by Lucor, as a part of the services that Spectrum provided to Lucor. Spectrum denies all remaining allegations contained in Paragraph 17 of the Counterclaim.

18. Spectrum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Counterclaim concerning advice GMAC is alleged to have given Lucor regarding Lederman and what Lucor did with such advice. Spectrum denies all remaining allegations contained in Paragraph 18 of the Counterclaim.

19. Spectrum denies the allegations contained in Paragraph 19 of the Counterclaim.

20. Spectrum restates its responses to Paragraphs 1-19 as if fully set forth herein.

21. Spectrum denies the allegations contained in Paragraph 21 of the Counterclaim.

22. Spectrum denies the allegations contained in Paragraph 22 of the Counterclaim.

23. Spectrum denies the allegations contained in Paragraph 23 of the Counterclaim.

24. Spectrum denies the allegations contained in Paragraph 24 of the Counterclaim.

25. Spectrum denies the allegations contained in Paragraph 25 of the Counterclaim.

26. Spectrum denies the allegations contained in Paragraph 26 of the Counterclaim.

27. Spectrum restates its responses to Paragraphs 1-26 as if fully set forth herein.

28. Spectrum denies the allegations contained in Paragraph 28 of the Counterclaim.

29. Spectrum denies the allegations contained in Paragraph 29 of the Counterclaim.

30. Spectrum restates its responses to Paragraphs 1-29 as if fully set forth herein.

31. Paragraph 31 of the Counterclaim contains only legal allegations and conclusions as to which no response is required. To the extent that the Court determines that Paragraph 31 of the Counterclaim contains factual allegations as to which a response is required, Spectrum is without knowledge or information to determine what conduct "above-described" is alleged to constitute conduct in or affecting commerce. Spectrum denies that all allegations above Paragraph 31 of the Counterclaim refer to conduct in or affecting commerce.

32. Spectrum denies the allegations contained in Paragraph 32 of the Counterclaim.

33. Spectrum denies the allegations contained in Paragraph 33 of the Counterclaim.

34. Spectrum denies the allegations contained in Paragraph 34 of the Counterclaim.

Lucor's jury demand and prayers for relief contain only conclusions of law and arguments to which no response is required. To the extent that the Court deems that the jury demand and prayers for relief contain allegations of fact, Spectrum denies those allegations. Further, Spectrum denies that Lucor is entitled to any of the relief requested.

## FIRST AFFIRMATIVE DEFENSE

Lucor has failed to state a claim upon which relief may be granted and, accordingly, its counterclaim should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Spectrum has not breached its Agreement with Lucor because Spectrum has fully performed its obligations under the Agreement.

**THIRD AFFIRMATIVE DEFENSE**

Any recovery sought by Lucor is barred by its own breach of the parties' Agreement.

**FOURTH AFFIRMATIVE DEFENSE**

The counterclaims are barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

The counterclaims are barred by the doctrines of waiver, estoppel and laches.

**SIXTH AFFIRMATIVE DEFENSE**

Lucor is barred from pursuing its First and Third Claims for Relief, because its alleged reliance was unreasonable as a matter of law.

WHEREFORE, Spectrum respectfully requests an Order of this Court denying and dismissing all claims and prayers for relief contained in Lucor's Counterclaim, and requests Judgment in its favor in the amount of its costs of suit and reasonable attorneys' fees.

THE SPECTRUM CAPITAL GROUP, LLC

By its Attorneys,

/s/ Heather A. Pierce
Heather A. Pierce (#7345)
EDWARDS ANGELL PALMER &
DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
hpierce@eapdlaw.com

and

Steven M. Cowley (*pro hac vice*)
EDWARDS ANGELL PALMER &
DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
(617) 239-0100
(617) 227-4420 (Fax)
scowley@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2007, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Heather A. Pierce